IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARRELL D. STEWART, :
:
    Petitioner, :
: CIVIL NO. 3:CV-07-1724
    v. :
: (JUDGE VANASKIE)
RONNIE R. HOLT, WARDEN, :
:
    Respondent. :

## MEMORANDUM

### Background

Tarrell D. Stewart, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), proceeding pro se, initiated this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.[1] Named as Respondent is USP-Canaan Warden Ronnie Holt. Service of the Petition was previously ordered.

Petitioner states that he is presently serving a criminal sentence which was imposed by the United States District Court for the Eastern District of Pennsylvania on August 29, 2005. (Dkt. Entry # 1, at 1.) Attached to the Petition is a copy of a portion of Stewart's criminal

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

judgment from the Eastern District which indicates that a $ 400.00 dollar criminal monetary penalty was due during his imprisonment and all payments except those made through the Federal Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP) were to be made to the clerk of court.[2] (Id. at 5)

Although Stewart recognizes that the BOP "is an agent for the Court," he contends that USP-Canaan staff "are collecting debts without authority (order of the court instructing them to collect fines, restitution)." (Id. at 3.) He adds that prison officials are not acting in compliance with the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(g)(a), and employing intimidating debt collection practices such as penalizing inmates with loss of certain institutional privileges if they fail to pay fines or restitution.

Respondent argues that Stewart's petition should be dismissed without prejudice because he failed to exhaust available remedies under the BOP's administrative remedy program prior to filing this action. (Dkt. Entry # 9 at 3.) Although granted an opportunity to do so, Petitioner has not submitted a reply. This matter is ripe for consideration.

---

[2] The IFRP encourages federal prisoners to meet their financial responsibilities by entering into a contractual payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review.

Discussion

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond." See 28 C.F.R. § 542.18. If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar

days of the date the Warden signed the response." See 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

Respondent contends that "Stewart made no objection concerning the fact or execution of the IFRP through the BOP's administrative remedy program prior to filing his petition for writ of habeas corpus." (Dkt. Entry # 9, at 3.) The response points out that although issues relating to the IFRP may be pursued via the BOP's administrative remedy process, Stewart "has not filed any administrative remedies relative to the issues in his petition," does not mention the remedy process in his pending action, and makes no argument that exhaustion would be futile. (Id.)

In support of the non-exhaustion argument, Respondent has submitted a declaration under penalty of perjury by BOP Attorney John E. Wallace. Wallace states that as part of his criminal sentence "the district court ordered Stewart to a pay a $400 special assessment and a $1,000 fine." (Dkt. Entry # 9-2, Exhibit 1, ¶ 3.) Wallace notes that Petitioner has institutional employment and is participating in the IFRP. (Id. at ¶ 4.) Accompanying Wallace's declaration is a copy of an administrative remedy request initiated by Petitioner regarding a sanction

imposed by a Unit Disciplinary Committee (UDC). (Dkt. Entry # 9-2, Exhibit 1, at 21.)

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies <u>before</u> seeking habeas corpus relief in federal court. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). In a more recent ruling, the Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that, like Stewart's petition, had been filed before administrative remedies had been exhausted. Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006). Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process. See Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.).

It is evident that Petitioner initiated this federal habeas corpus action before even attempting to resolve his IFRP related claims via the BOP's administrative review procedure. The record also shows that while incarcerated, Stewart did initiate one request for administrative remedy regarding an unrelated issue. (Dkt. Entry # 9-2, Exhibit 1 at 21.) Hence, it is clear that Petitioner was aware of the BOP's administrative review system. There is no indication in the record that it would be futile for Petitioner to fully exhaust his BOP administrative remedies and none of the other exceptions outlined in <u>Lyons</u> exist. In light of his

failure to submit a reply to Respondent's exhaustion argument, Stewart has also not demonstrated any basis as to why he should be excused from the exhaustion requirement.

Under the circumstances presented here, especially Stewart's failure to oppose the non-exhaustion argument, his action will be dismissed as premature under the standards developed in Moscato and Ridley. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process while at the same time proceeding with administrative review.[3] Upon full exhaustion of his available BOP administrative remedies, Petitioner, if appropriate, may reassert his instant federal habeas claims. An appropriate Order will enter.[4]

                                            s/ Thomas I. Vanaskie
                                            Thomas I. Vanaskie
                                            United States District Judge

---

[3] Even if this action could not be maintained under the habeas corpus statute as a challenge to the execution of Petitioner's sentence, but instead had to be pursued as a Bivens action under the federal question statute, 28 U.S.C. § 1331, dismissal would be warranted under 42 U.S.C. § 1997e, which requires inmates to exhaust administrative remedies before filing an action challenging the conditions of confinement.

[4] Although not argued by Respondent, it is additionally noted that a fair debt collections practices claim may not be asserted against an office or employee of the United States. See Pace v. Leavitt, 293 Fed. Appx. 919, 921 (3d Cir. 2008)

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARRELL D. STEWART, :
:
        Petitioner, :
: CIVIL NO. 3:CV-07-1724
     v. :
: (JUDGE VANASKIE)
RONNIE R. HOLT, WARDEN, :
:
        Respondent. :

ORDER

        NOW, THEREFORE, THIS 30th DAY OF JULY, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is directed to mark this case CLOSED.

                          s/ Thomas I. Vanaskie
                          Thomas I. Vanaskie
                          United States District Judge